## AYCOCK *v.* WILLIAMS.

No. 11288. FEBRUARY 11, 1937.

*George B. Rush,* for plaintiff in error.

*Tye, Thomson & Tye,* contra.

RUSSELL, Chief Justice. Rule 45 of this court (§ 24-4549 of the Code) relating to petitions for certiorari to review judgments and decisions of the Court of Appeals, declares: "Oral argument will not be permitted on the petition. Argument and briefs of authorities must not be included in the petition, but must be submitted separately. . . The petition must specify plainly the decision complained of and the alleged errors. It will not be sufficient to set out the contentions and assignments of error made in the original bill of exceptions or motion for a new trial, but it shall be necessary to set forth plainly and specifically the errors alleged to have been committed by the Court of Appeals. A failure to comply with this provision will be deemed a sufficient reason for denying the petition." The petitioner in the present case unnecessarily consumes three closely typewritten pages in making a resumé of the petition of the plaintiff in the trial court, although that petition is in full in the record. He then copies more than a page of the demurrers filed by him as defendant. In paragraph 14 of the petition for certiorari (although the judgment and opinion of the Court of Appeals is required by law to be transmitted to this Court upon every application for certiorari, and is transmitted) the applicant quotes in their entirety the second, third, and fourth divisions of the opinion of the Court of Appeals. After properly stating what he alleges are the main points in the case, he proceeds to state and argue that the effect of the ruling of the Court of Appeals is to repeal the provisions of the charter of the City of Atlanta, granted by the legislature, and to set out a large number of what are claimed to be sections of the 1924 Code of that

city. No part of this insertion in the petition for certiorari, embracing five closely typewritten pages, is any part of the record in the case, nor was it submitted, so far as it appears, to the Court of Appeals. Paragraph 16 of the petition consists wholly of citation of and argument from decisions of the Supreme Court, which the rule declares should appear in the brief, and not in the petition. It appearing that the petition for certiorari does not comply with the requirements of law, and on the contrary violates the provisions which debar its consideration by this court, the writ of certiorari was improvidently granted, and must be dismissed.

*Writ of certiorari dismissed. All the Justices concur, except Jenkins, J., disqualified.*